C. F. Denney and Frances L. Denney v. Commissioner.
Denney v. Commissioner
Docket No. 38860.
United States Tax Court
1953 Tax Ct. Memo LEXIS 258; 12 T.C.M. (CCH) 499; T.C.M. (RIA) 53161; May 8, 1953
*258 Milo A. Lang, Esq., P. O. Box 1067, Joplin, Mo., for the petitioners. Thomas C. Thompson, Jr., Esq., for the respondent. JOHNSON
Memorandum Findings of Fact and Opinion JOHNSON, Judge: This proceeding involves a deficiency of $945.46 in income tax for 1948. The sole issue is whether respondent erred in disallowing the amount of $5,788.16 as a deduction for bad debts. Findings of Fact The petitioners are husband and wife with their principal residence in Joplin, Missouri. They filed a joint return for the taxable year with the collector of internal revenue for the sixth district of Missouri. For convenience, the husband will be referred to as the petitioner. Petitioner was engaged in the mining business for about 20 years prior to 1948, when he entered the gravel and chat business. In 1940 or 1941 petitioner and Edwin B. Meissner organized the Hopi Mining Company, a corporation, to engage in the mining business. Petitioner transferred to the corporation for stock used mining equipment of a value of about $18,000 and Meissner invested $6,000 in its stock. From January 20, 1941, to December 11, 1943, petitioner advanced a total of $2,240.15 to the Hopi Mining *259 Company to meet payrolls and purchase mining supplies. During 1941 and 1942 the corporation was engaged in sinking shafts, dewatering, and other work preparatory to actual mining operations for lead and zinc. Except for 1944 and 1945, when it had a small amount of net income, the corporation never operated at a profit. At some undisclosed time petitioner and Meissner formed a partnership to engage in the mining business. After operating for about five months, during which period petitioner advanced a total of about $3,337.16 to the firm, evidenced by notes, to purchase supplies and to pay wages of employees, the business was incorporated under the name of Wentworth Mining and Milling Company (hereinafter referred to as the Wentworth Company). Meissner paid cash for stock of the corporation and petitioner contributed used equipment for 75 per cent of its stock. The corporation agreed to pay the notes held by petitioner out of royalties. The corporation never earned any royalties. Petitioner was in active charge of the affairs of the corporations until March 1945, when Meissner appointed another individual to manage the businesses. Petitioner continued to hold stock in the corporations *260 and attended a number of corporate meetings after Meissner asserted his control of the corporations. From March 1945 until the latter part of 1947 Meissner advanced a total of about $115,000 to the Wentworth Company. Petitioner endeavored at corporate meetings to prevent the corporation from issuing notes to Meissner for his advances but without success. None of the notes was secured. Petitioner was aware that Meissner might reduce his notes to judgment and thereby prevent him from realizing anything on his claims for advances. He retained several attorneys to protect his interests in and claims against the Wentworth Company but he "couldn't even get into court" to collect his advances. The Wentworth Company forfeited its leases on October 9, 1947, and the Hopi Mining Company surrendered its leases at some undisclosed time prior to the close of 1947. On December 31, 1947, the assets of the corporations consisted of mining equipment. The assets of the Wentworth Company had a value of about $82,000. On May 6, 1948, Meissner obtained a judgment in the amount of $5,364.29 against the Hopi Mining Company and a judgment for $115,070.92 on the notes of the Wentworth Company. Thereafter, *261 Meissner took possession of the assets of the Hopi Mining Company and moved the property to another location. Petitioner never recovered anything on his advances to the corporations.
In their joint return for 1948 petitioners claimed as bad debt deductions the amount of $2,251 for advances to the Hopi Mining Company and $3,337.16 for advances to the Wentworth Company and deducted the full amount of $5,588.16 from gross income. Respondent disallowed the deductions on the ground that they had not been substantiated. [1]
Opinion The major difference between the parties is the year during which the debts became worthless for deduction purposes. Petitioner asserts on brief, without discussion, that the judgments obtained by Meissner against the corporation on May 6, 1948, rendered the debts worthless. Respondent's contention is that they became worthless prior to the taxable year. Petitioner's burden was to establish that the debts became worthless within the taxable year. The question must turn upon the peculiar facts present in the record. A mere conclusion *262 of petitioner on the ultimate finding we are required to make from a consideration of all of the facts is not enough. American Trust Co., 21 B.T.A, 30. Obviously, the debts could not become worthless within 1948 unless they had value at the beginning of the year. Petitioner has failed to prove that fact. Except for a small amount of profit in 1944 and 1945, the Hopi Milling Company never had net income. The evidence does not establish whether or not the Wentworth Company ever had earnings. The former had financial difficulties from the beginning of its existence as shown by the advances petitioner made to it, commencing in 1941, to pay operating expenses. It also became indebted to Meissner under circumstances not disclosed by the evidence. Meissner's loans to the Wentworth Company from March 1945 to the latter part of 1947 aggregated about $115,000. The leases of that corporation were forfeited in October 1947. The Hopi Mining Company had no leases on December 31, 1947, they having been surrendered at some undisclosed time prior thereto. Thus, prior to the close of 1947, the corporations had no leases to operate and the evidence is silent on the reasons for the forfeitures *263 and whether the corporations had any intention to negotiate for other leases. No proof was made of the value of the assets held by the Hopi Mining Company on December 31, 1947, and we may not assume that it had property of a value sufficient to pay petitioner's claim against it. The other corporation had assets at that time of a value of about $82,000. Other than the claims held by petitioner and Meissner, the evidence does not disclose the extent of other liabilities, if any, and their priority. That petitioner's claims were subordinate to those held by Meissner and uncollectible before the taxable year is evident. Petitioner was not active in the affairs of the corporations after being ousted by Meissner in 1945 but he continued to hold stock and attend corporate meetings. He had some reason to believe that any notes issued to Meissner by the Wentworth Company for advances would have priority over his demands for he voted at corporate meetings against the issuance of them and retained counsel to protect his interest in the corporations and his claim. The conclusion of counsel on the value of petitioner's claim against the Wentworth Company is indicated by his testimony, given *264 in response to a question as to whether he tried to collect, that "I couldn't even get into court." Petitioner's claim against the Wentworth Company was payable out of royalties. The corporation never received royalties and, from the proof made, we do not know whether it ever had any prospects of earning such income. We are unable to find from the proof made that the claims of petitioner became worthless in the taxable year. Accordingly, we find no error in respondent's disallowance of the deductions. The conclusion reached renders unnecessary consideration of alternative contentions of the respondent that the advances were capital transactions, or non-business bad debts. To collect an admitted mathematical error appearing in the computation of the deficiency. Decision will be entered under Rule 50. Footnotes
1. He actually disallowed $200 in excess of the total amount claimed and at the hearing admitted error to that extent.↩